



# MEMORANDUM OPINION

No. 04-11-00852-CV

Anna Maria Salinas **SAENZ**, et al.,
Appellants/Cross-Appellees

v.

**THORP PETROLEUM CORP**., et al.,
Appellees/Cross-Appellants

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-04-120
Honorable Ana Lisa Garza, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  March 14, 2012

DISMISSED FOR LACK OF JURISDICTION

Anna Maria Salinas Saenz, et al. filed suit alleging claims for trespass to try title as well as declaratory judgment, tort, contract and lease claims.  The "Salinas defendants" filed a counterclaim seeking to recover royalties that were wrongfully paid to the plaintiffs; they also sought a declaratory judgment.  Defendants Thorp Petroleum Corporation, El Paso Production Company, and Smith Production, Inc. suspended royalty payments and paid them into the registry of the court; the Salinas defendants sought an order that all suspended royalty payments

be made to the party entitled to such payments. The Salinas defendants also filed a crossaction seeking to recover royalty payments.

On May 28, 2010, the trial court granted interlocutory motions for summary judgments on behalf of the Salinas defendants and the oil companies and entered a declaratory judgment that a 1968 partition agreement/deed was valid. This ruling disposed of the plaintiffs' trespass to try title claim, which was predicated on the 1968 partition agreement/deed being invalid. On December 15, 2010, the trial court signed a pretrial order in which it stated that "[t]here is, therefore, nothing to try in the plaintiffs' suit." However, the court continued to note that other issues remained pending, including claims for interpleader funds. At that time, the court also severed the Salinas defendants' cross-claims and counterclaims concerning overpayment of royalties into cause number DC-04-120-B; those claims were disposed of by order granting summary judgment signed on October 31, 2011,[1] which is now the subject of appeal number 04-11-00873-CV.

On December 1, 2011, appellants filed a notice of appeal in cause number DC-04-120 challenging: (1) the trial court's summary judgment orders signed on May 28, 2010, (2) the severance order signed on October 20, 2010, which was subsequently vacated on December 15, 2010, *see Saenz v. Thorp Petroleum Corp.*, No. 04-10-000837-CV, 2011 WL 1303802, at *1 (Tex. App.—San Antonio April 6, 2011, no pet.), (3) the order denying plaintiffs' motion to reconsider summary judgment ruling with reference to issues of title signed on June 13, 2011, and (4) all ancillary and related orders and rulings. From our initial review of the record it appeared that the complained of orders are interlocutory because there exist pending claims for

---

[1] The summary judgment order signed on October 31, 2011 disposes of the Salinas defendants' claims for attorney's fees and their counterclaims and cross-claims concerning claims of overpayment or wrongful payment of royalties; the order dismisses all such claims and orders that the defendants take nothing on those claims.

interpleader funds in cause number DC-04-120. Thus, we ordered appellants to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.

Appellants responded and filed a Statement Regarding Jurisdiction, arguing that both summary judgments dated May 28, 2010 and October 31, 2011 resolved the issue of who is entitled to the interpleaded funds; appellants also explained that on August 4, 2010, the Salinas defendants/appellees abandoned their claim for an accounting of monies paid into the registry of the court as royalty payments during the pendency of the suit.

The Salinas appellees filed a response to the appellants' Statement Regarding Jurisdiction. They state that they also have claimed funds in the registry of the court and respond that they did not abandon their claims for an accounting and audit. They specify that they withdrew their claims for an accounting and audit in the context of discussions with the court about a potential severance to make the "title" summary judgment final; the title issues remained with the original proceeding. Moreover, the Salinas appellees filed a motion for audit on October 7, 2011 and a request for accounting on November 7, 2011; it does not appear that the motions were disposed of. In addition, appellee Smith Production, Inc. filed a response and also agrees that the challenged orders are interlocutory with respect to cause number DC-04-120 because the trial court has yet to enter a final judgment directing the clerk to disperse the interpleaded funds.

After reviewing the responses and the record, we conclude that the complained of orders are not final and appealable because they do not dispose of all causes of action in this suit. Therefore, we do not have jurisdiction over this appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Accordingly, this appeal is dismissed for lack of jurisdiction. *See*

TEX. R. APP. P. 42.3(a). Additionally, the Salinas Defendants' Opposed Motion to Consolidate for Purposes of Record filed on March 7, 2012 is MOOT.

PER CURIAM